UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRYL LAMONT YOUNG,

Plaintiff,

v.

MICHAEL DION, et al.,

Defendants.

Case No. 2:26-cv-01921-DGE-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff is unrepresented by counsel and seeks *in forma pauperis* status in this matter. Considering deficiencies in the complaint discussed below, however, the Court will not direct service of the complaint at this time. **On or before September 12, 2026**, plaintiff must either show cause why this case should not be dismissed or file an amended complaint.

## I. DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claim, facts sufficient to "state a claim to relief that is

plausible on its face," not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). This requirement applies to all civil actions under Federal Rule of Civil Procedure 8; conclusory allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009).

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). On the other hand, leave to amend need not be granted "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Here, the vast majority of plaintiff's proposed complaint is dedicated to reciting various legal authorities or doctrines, ranging from the "Labor Management Relations Act" to the "Crime Control and Safe Streets Act of 1968." *See generally* Dkt. 1-1.

Plaintiff also makes occasional and isolated references to factual allegations or defendants. *See generally* Dkt. 1-1. As an example, his likely most detailed factual allegations appear to state a Grand Jury voted to indict him on "serious economic crimes." Dkt. 1-1 at 19. He states the basis of the "criminal complaint" was his "use of a jail phone to a VAMC, pretend to be an employee and request patient information, from December 12, 2021 to September 8, 2022." Dkt. 1-1 at 19. He also alleges "inmates at the jail were coercing him to call the hospital and scam patients" which ultimately led to him being "sanctioned for phone harassment and placed in restrictive housing." Dkt. 1-1 at 19. He then generally references numerous defendants "in regards to my inmate trust fund account" without elaboration, instead citing generally to various federal anti-trust laws. Dkt. 1-1 at 20.

The complaint fails to state a claim because it consists of scattered and generalized references to defendants and factual allegations that are unconnected to the legal principles and doctrines he asserts. *See, e.g.*, *Elmore v. Islas*, No. 2:24-cv-01719-JLS-JDE, 2024 WL 3914651, at *3 (C.D. Cal. Mar. 26. 2024) (quoting Fed. R. Civ. P. 8(a)) (rejecting a complaint in which the "[f]actual allegations are scattered throughout the . . . pages of the Complaint, and not organized into a 'short and plain statement' of the claim.").

And plaintiff fails to sufficiently connect his legal and factual assertions to the specific alleged actions or inaction of any named defendants. *See, e.g.*, *id.* at *4

(rejecting a complaint which "repeatedly refers to Defendants collectively, without any explanation regarding how each of the . . . Defendants participated in the wrongful acts."); *see also Mosely v. Covello*, No. 2:25-cv-02951 SCR P, 2025 WL 3013728, at *3 (E.D. Cal. Oct. 28, 2025) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) ("The complaint must also allege in specific terms how each named defendant is involved" and "'[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient.'").

## II. CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before September 12, 2026**. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court may recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order, and the *Pro Se* Information Sheet.

Dated this 12th day of August, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge